Cite as 2019 Ark. App. 461

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR-19-52

| | |
|---|---|
| ADAM CHILDERS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** October 16, 2019<br><br>APPEAL FROM THE ARKANSAS<br>ARMY NATIONAL GUARD<br>[NO. GCMCO-18-01-JFHQ]<br><br>REBRIEFING ORDERED |

## MIKE MURPHY, Judge

Appellant Adam Childers appeals from the September 5, 2018 General Court-Martial Order entered against him as an Arkansas Army National Guardsman by the Adjutant General of Arkansas. Childers challenges the court-martial's jurisdiction over him, arguing that he was not in a "duty status" at the time of his offenses. Because Childers has submitted a brief without a proper addendum in violation of Arkansas Supreme Court Rule 4-2(a)(8) and because there has been a change in our law since the court-martial ruling, we order rebriefing.

Rule 4-2(a)(8) provides, in pertinent part:

> The addendum shall contain true and legible copies of the non-transcript documents in the record on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. The addendum shall not merely reproduce the entire record of trial court filings, nor shall it contain any document or material that is not in the record.

Here, Childers's brief is deficient because his addendum lacks relevant pleadings essential to an understanding of the case and to confirm our jurisdiction. The record reveals

that this case was finalized below on September 5, 2018, in part because of Childers's conditional plea.[1] However, the addendum fails to include the final general court-martial order and the supporting written offer to plead guilty. Therefore, we direct Childers to file a supplemental addendum including the necessary documents.

Also, we recognize that after the general court-martial order was entered and before the briefs were due, the Arkansas General Assembly enacted Act 211, which became effective on February 26, 2019, due to an emergency clause. The Act now defines "duty status." 2019 Ark. Acts 211, § 1. Given the timing of the Act and its subject matter, we direct the parties to simultaneously file supplemental briefs with this court in light of the new definition.[2]

We direct our clerk to set the supplemental briefing schedule so that each party's brief on the limited issue of the application of the Act is due thirty calendar days from the date of this opinion. Childers is also directed to include a supplemental addendum with the necessary documents discussed above along with his brief. No response brief or reply brief will be permitted. Each party's brief may not exceed fifteen pages in length. No extensions will be granted absent extraordinary circumstances.

Rebriefing ordered.

GRUBER, C.J., and HARRISON, J., agree.

---

[1]The plea agreement preserved the issue of jurisdiction for appeal.

[2]As a reminder, we direct Childers's attention to Arkansas Supreme Court Rule 4-2(a)(7), which requires that any reference to material found in the abstract—or in this case, supplemental abstract—and addendum be followed by a reference to the page number at which such material may be found.

2

*The Asa Hutchinson Law Group, PLC*, by: *W. Asa Hutchinson III*; and *Gapasin, Capovilla & Williams*, by: *Nathan Freeburg*, *pro hac vice*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.